**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ACCESS FOR THE DISABLED, INC., a Florida not for profit corporation, and PATRICIA KENNEDY, individually,**

    Plaintiffs,

V.                                                                                Case No:  2:12-cv-95-FtM-99SPC

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,**

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Clarification and/or Amendment of Court Scheduling Order (Doc. #16) filed on July 25, 2012. Defendant's Response to Plaintiffs' Motion for Clarification and/or Amendment of Court Scheduling Order (Doc. #19) filed on July 12, 2012. The matter was referred to the undersigned by the Honorable Virginia M. Hernandez Covington (Doc. #20) on July 12, 2012 for disposition. The undersigned held a hearing on the matter on August 6, 2012, during which time argument from counsel for both Parties was heard.

On June 19, 2012, the Court entered an ADA Scheduling Order (Doc. #15), setting forth that the Plaintiffs were to provide Defendant with a copy of any expert report upon which Plaintiffs intended to rely, consistent with the provisions of Rule 26(a)(2), within 30 days of the date of the Scheduling Order. Defendant then had 30 days thereafter to serve a written response, including any Rule 26(a)(2) expert report upon which the Defendant intended to rely. Pursuant to the Scheduling Order, discovery was stayed until after the case is mediated. The Scheduling

Order further sets forth that if this matter does not settle at mediation, the Court will issue a supplemental case management order and set the case for trial at the earliest practicable time. (Doc. #15, ¶8).

After the ADA Scheduling Order was entered, Plaintiffs filed the instant Motion for Clarification and/or Amendment, arguing that a final inspection of the subject premises pursuant to Federal Rule 34 was required prior to the submission of Plaintiffs' expert report. Plaintiffs request leave of Court to conduct such an inspection. Defendant responded by pointing out that Plaintiffs have detailed the alleged barriers both in the Complaint and in their response to Defendant's Motion to Dismiss (Doc. #13), which includes photos of the subject property. Furthermore, as indicated at the hearing, Plaintiffs' expert accompanied Plaintiff, Patricia Kennedy, to the Burlington Coat Factory store. Plaintiffs' counsel also indicated at the hearing that a preliminary expert report has been compiled, which formed the grounds upon which Plaintiffs could file their Complaint.

As pronounced on the record at the conclusion of the hearing, the Court finds that a final Federal Rule 34 inspection is not warranted at this time. Plaintiffs' expert accompanied Ms. Kennedy to the property when she identified the alleged violations, and photographs have already been taken of the alleged violations. Plaintiffs' expert has had sufficient access to the areas upon which Plaintiffs' Complaint lists, and has compiled other information that could form the basis for an expert report at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Motion for Clarification and/or Amendment of Court Scheduling Order (Doc. #16) is **GRANTED in part and DENIED in part.**

(2) The Motion is **GRANTED** to the extent that the Scheduling Order is clarified as set forth above.

(3) The Motion is **DENIED** to the extent that the Court will not amend its Scheduling Order to allow for further inspection of the property at this time. The Parties are to proceed accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record